UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEANE HEEKYUNG NOH,<br><br>　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　　Defendants. | CASE NO. 2:24-cv-02086-TL<br><br>ORDER ON MOTION TO STAY AND FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff Jeane Heekyung Noh's Motion to Stay Proceedings and for Temporary Restraining Order Pending Exhaustion of Administrative Remedies.[1] Dkt. No. 2. Having considered the relevant record and finding oral argument on the motions for temporary restraining order ("TRO") and to stay unnecessary, *see* LCR 7(b)(4),

---

[1] Plaintiff also moved to proceed *in forma pauperis* ("IFP") in the same filing. However, Plaintiff paid the $405.00 filing fee on January 30, 2025, rendering her motion to proceed IFP moot. *See* Dkt. No. 9.

ORDER ON MOTION TO STAY AND FOR TEMPORARY RESTRAINING ORDER - 1

65(b)(3), the Court hereby (1) declines to issue a TRO and DENIES the motion without prejudice; and (2) DENIES the motion to stay.

## I. BACKGROUND

This case arises from the alleged unlawful surveillance and assault of Plaintiff by various United States government agencies,[2] one state agency,[3] private corporations and associations,[4] and individuals.[5] *See generally* Dkt. No. 10. Plaintiff alleges that beginning in 2011 and continuing to the present, she has been continuously subjected to wrongful surveillance by U.S. intelligence agencies due to: (1) her response to a roommate ad posted by a Chinese national, (2) her matriculation at Harvard at the same time as the daughter of the President of China, and (3) her relationship with Jason Ahn and inquiry into his North Korean rights organization. *Id.* at 19.

Plaintiff alleges that this surveillance began during her time as a student at Harvard, where one of her roommates, and "possibly a second roommate," began surveilling Plaintiff on behalf of U.S. intelligence services. *Id.* After her graduation, Plaintiff moved to Portland, Oregon, where she alleges that the surveillance continued, and she was additionally subject to "directed energy attacks under the guise of spiritual experience." *Id.* at 20. Plaintiff alleges that the surveillance also included break-ins of her home and car, as well as "clicking sounds

---

[2] Defendants Nos. 1–7: the (1) Federal Bureau of Investigation ("FBI"); (2) Department of Justice ("DOJ"); (3) Central Intelligence Agency ("CIA"); (4) National Security Agency ("NSA"); (5) Office of the Director of National Intelligence ("ODNI"); (6) Department of Defense ("DOD"); and (7) Department of Homeland Security ("DHS").

[3] Defendant No. 9: (9) Kittitas County Sheriff's Office.

[4] Defendant Nos. 10–13, 16, 17: (10) Comprehensive Healthcare; (11) Kittitas Valley Healthcare; (12) International Association for Near Death Studies; (13) Targeted Justice; (16) Calhoun Property Management; and (17) Mill Pond Community. The Court notes that Defendant Nos. 16 and 17 are listed as both corporate and individual defendants, per Plaintiff's complaint.

[5] Defendant Nos. 8, 14–19: (8) Sunny Gossage; (14) Michael Stork; (15) Tyrone Woolfolk; (16) Jared Mulhair; (17) Caleb Romak; (18) Choo Kim; and (19) James P. Powell. The Court notes that Defendant Nos. 16 and 17 are listed as both corporate and individual defendants, per Plaintiff's complaint.

emanating from her walls, floors, windows, appliances, furniture, and belongings on a daily basis." *Id.* at 21.

Plaintiff reported her concerns to the FBI Seattle Field Office in February 2021 and alleges that her concerns about surveillance, which she attributed to North Korea at the time, were dismissed. *Id.* She additionally reported her concerns to Ron Watters, Cybersecurity Advisor to the Cybersecurity and Infrastructure Security Agency; Congressman Adam Smith; and Senator Corey Booker, with similar responses. *Id.*

## II. LEGAL STANDARD

### A. Temporary Restraining Order

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7.

Importantly, given that the U.S. federal jurisprudence "runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). In line with this principle, Federal Rule of Civil Procedure 65 provides that:

> (a)(1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
>
> . . .

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(emphasis added).

Local Civil Rule ("LCR") 65 of this District also provides that:

> (b)(1) Issuance Without Notice Disfavored. Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.
>
> . . .
>
> (b)(5) Unless the court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served. . . . If the movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion without awaiting a response.

In short, the Court cannot grant a plaintiff's request for a TRO without either adequate notice to defendant(s) or an adequate basis for issuing an *ex parte* TRO before defendant(s) can be heard. Fed. R, Civ. P. 65(b)(1) and LCR 65 (b)(1). *See also, e.g.*, *Gale Force Nine LLC v. Wizards of the Coast LLC*, No. C20-1700, 2020 WL 6817684, at *2 (W.D. Wash. Nov. 19, 2020) (denying TRO because plaintiff "failed to meet the requirements for a TRO without notice"), *report and recommendation adopted by* 2020 WL 6927606 (Nov. 20, 2020).

B.  **Motion to Stay**

A "district court[] ha[s] the inherent authority to manage [its] docket[] and courtroom[] with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When a stay is proposed, the court must weigh the competing interests impacted, including "the possible damage which may result from the granting of a stay, the hardship of equity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

### III.  DISCUSSION

A.  **Motion for TRO**

Plaintiff requests that the Court "issue a [TRO] to prevent further physical harm to Plaintiff stemming from surveillance activities, as well as to prevent potential legal harm arising from hacking activities by Defendant[s]." Dkt. No. 2 at 1. However, Plaintiff has not detailed any efforts to provide notice to Defendants of her complaint or request for TRO. *See generally* Dkt. No. 2.

Where a party requests a temporary restraining order ("TRO") *ex parte*—"without written or oral notice to the adverse party or its attorney"—the court may grant the TRO only

> if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

1  Fed. R. Civ. P. 65(b)(1). Further, this Court's local rules require that "[u]nless the requirements

2  of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all

3  motion papers on the opposing party before or contemporaneously with the filing of the motion

4  and include a certificate of service with the motion." LCR 65(b)(1).

5  Plaintiff has not certified in writing any efforts made to provide Defendants with notice

6  of the motion, as she must under both the Federal Rules of Civil Procedure and the Local Rules.

7  *See* Fed. R. Civ. P. 65(b)(1); LCR 65(b)(1). Accordingly, her motion for TRO must be DENIED.

**B.      Motion to Stay**

9  Plaintiff additionally moves to "stay the proceedings . . . until the exhaustion of the

10 mandatory federal administrative claim period on June 13, 2025." Dkt. No. 2 at 1. She argues

11 that she "is . . . required to exhaust administrative remedies before proceeding with litigation,

12 and the mandatory administrative claim period will expire on June 13, 2025. Plaintiff seeks a

13 stay of proceedings (applicable to all parties, including those to whom an administrative claim

14 does not apply) pending the expiration of this period." *Id.* at 2.

15 "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520

16 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). Here, Plaintiff does not establish the need

17 for a stay.

18 Plaintiff rightly notes that certain claims against certain Defendants require the

19 exhaustion of administrative remedies. *See, e.g.*, *Jerves v. United States*, 966 F.2d 517, 518 (9th

20 Cir. 1992) ("However, the [Federal Tort Claims] Act further provides that before an individual

21 can file an action against the United States in district court, she must seek an administrative

22 resolution of her claim."); Dkt. No. 10 at 10 (seeking relief under Federal Tort Claims Act).

23 However, Plaintiff does not make any argument that she has attempted to exhaust her

24 administrative remedies; she merely seeks a stay for the duration of the "administrative claim

ORDER ON MOTION TO STAY AND FOR TEMPORARY RESTRAINING ORDER - 6

period." Dkt. No. 2 at 1. But Plaintiff must do more than wait out the administrative claim period in order to achieve exhaustion of her administrative remedies—she must "present[ her] claim to the appropriate Federal agency" and either receive "a conclusive denial of the claim from the agency or wait[] for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 518–19 (first quoting 28 U.S.C. § 2675(a), then citing *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974)). This claim requirement is "jurisdictional in nature and may not be waived." *Id.* at 519 (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

Thus, Plaintiff must exhaust her administrative remedies *before* filing a lawsuit, rather than filing her suit, staying her suit, and waiting for the time period on her administrative claims to run. The fact that an administrative claim period is pending does not establish the need for a stay in this case. Accordingly, the Court DENIES Plaintiff's motion for a stay.

## IV. CONCLUSION

Accordingly, Plaintiff's motion for a temporary restraining order and to stay her claims is DENIED.

Dated this 30th day of January 2025.

Tana Lin
United States District Judge